IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH PAVUSCKO, | : | |
| | : | 4:08-cv-1878 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Malachy E. Mannion |
| KATRINA FIALA, | : | |
| | : | |
| Defendant. | : | |

## **MEMORANDUM**

### **August 4, 2010**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Malachy E. Mannion (Doc. 22), filed on June 22, 2010, which recommends that we: (1) grant the Defendant's Motion for Summary Judgment on Plaintiff's Intentional Infliction of Emotional Distress ("IIED") claim; (2) deny the Motion with respect to Plaintiff's Fourth and Fourteenth Amendment claims; and (3) schedule this matter for trial.

Defendant filed objections to the R&R on July 7, 2010. (Docs. 23 and 24). Plaintiff has not filed objections to the R&R, and the time to do so has lapsed. Accordingly, this matter is ripe for our review. For the reasons that follow, we shall adopt the Magistrate Judge's recommendation in part and reject it in part.

1

## I. STANDARDS OF REVIEW

### A. Review of Magistrate Judge's R&R

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

### B. Summary Judgment

Summary judgment is appropriate if the record establishes "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant meets this burden by pointing to an absence of evidence supporting an essential element as to which the

non-moving party will bear the burden of proof at trial. *Id.* at 325. Once the moving party meets its burden, the burden then shifts to the non-moving party to show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). An issue is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a factual dispute is "material" only if it might affect the outcome of the action under the governing law. *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 248-49 (1986).

In opposing summary judgment, the non-moving party "may not rely merely on allegations of denials in its own pleadings; rather, its response must ... set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000). Arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109-10 (3d Cir. 1985). However, the facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the non- moving party. *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006).

Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences that a factfinder could draw from them. *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982). Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be a *genuine* issue of *material* fact to preclude summary judgment." *Anderson*, 477 U.S. at 247-48.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On October 10, 2008, plaintiff Joseph Pavuscko ("Plaintiff" or Pavuscko"), proceeding *pro se*, filed the instant action against Defendant Katrina Fiala ("Defendant" or "Fiala") pursuant to 42 U.S.C. § 1983. The following facts are drawn from the Defendant's statement of material facts filed with the Motion for Summary Judgment. (Doc. 21). Inasmuch as Plaintiff has not filed an opposition to the Defendant's Motion for Summary Judgment, pursuant to Local Rule 56.1, all of the facts as set forth by the Defendant are deemed admitted.

Plaintiff brings this action against Defendant, his ex-girlfriend and former Swatara Township Police Officer. Plaintiff and Defendant began dating in 2005 and it appears they dated until some point in June 2006. After the relationship

4

ended, the Plaintiff was arrested, prosecuted and convicted of stalking the Defendant. In addition, in 2006, the Defendant obtained a Protection from Abuse Order against the Plaintiff.

The incident giving rise to this lawsuit occurred on the night of October 10, 2006. On that evening, the Plaintiff was driving in his Cadillac in Swatara Township. Plaintiff was driving from Walmart to his father's home, where he was residing, when he made a wrong turn. He then entered a parking lot to turn around.

At this time, the Defendant was on duty, in uniform, and operating a marked police vehicle. At about 9:20 p.m., she observed a Cadillac pull out from a bar parking lot and enter into another parking lot. She then observed the Cadillac leave that parking lot and begin to drive erratically. Consequently, Defendant ran the tag number of the Cadillac on her vehicle's computer. The vehicle came back registered to her ex-boyfriend, the Plaintiff. Plaintiff had obtained the Cadillac after he and the Defendant had broken up, and Defendant did not know Plaintiff was operating the Cadillac she had observed driving erratically until she ran the tags.

In order to avoid a potential conflict, the Defendant contacted another police officer, namely Police Officer Morris of the Swatara Township Police Department,

5

and informed him of what she had observed. More specifically, she told him that the Cadillac was swerving back and forth and that she believed the operator of the vehicle might be driving under the influence. Defendant then told Officer Morris that she thought the driver could be the Plaintiff, her ex-boyfriend.

Officer Morris informed the Defendant that he would pull over Plaintiff's vehicle and handle the interaction. Defendant then drove the behind the Cadillac until Officer Morris pulled the vehicle over. Defendant then remained behind Officer Morris and did not approach the vehicle any closer than was necessary to confirm that it was Plaintiff who was driving. Officer Morris then handled the interaction with the Plaintiff.

When Officer Morris approached Plaintiff's vehicle, Plaintiff asked Officer Morris why he was being pulled over. Officer Morris responded that another officer had reported he was driving erratically. The Plaintiff then asked who the officer was that made the claim regarding his driving. Officer Morris responded that he did not know. Plaintiff asked Officer Morris a second time who the officer was that made the claim. This time Officer Morris stated that it was none of Plaintiff's business and that he could not tell him that information. Officer Morris then stated that the Plaintiff smelled like he had been drinking. Plaintiff replied

that he had not been drinking. In addition, Plaintiff maintained that he was not driving erratically.

Officer Morris then asked for Plaintiff's driver's license, registration and proof of insurance. Accordingly, Plaintiff provided that information to Officer Morris, and Officer Morris returned to his vehicle. Upon returning to Plaintiff's vehicle, Officer Morris issued Plaintiff a traffic warning for careless driving as he ultimately did not find any grounds to believe that Plaintiff was driving under the influence. The entire traffic stop took no more than thirty (30) minutes.

Following the October 10, 2006 incident, Plaintiff alleges that he tried to file a complaint against Defendant through the Swatara Township Police Department, but that he was denied the opportunity to do so as he did not receive a citation. Because the Swatara Township Police Department did not allow him to file a complaint, Plaintiff contacted the Pennsylvania State Police for assistance with investigating the incident. The investigation by the Pennsylvania State Police revealed his vehicle registration had been queried, but did not reveal the officer responsible for the query. In addition, the Plaintiff was later informed by the Dauphin County District Attorney's Office that the Defendant did not run his license plate, but rather, Officer Morris ran his plate.

Based on the foregoing, Plaintiff filed this action against Defendant on October 10, 2008. Plaintiff asserts that Defendant, while acting under color of state law, deprived Plaintiff of his constitutional rights secured by the Fourth and Fourteenth Amendment of the United States Constitution.

After the close of discovery, on September 14, 2009, Defendant filed a Motion for Summary Judgment, accompanied by a brief in support and statement of material facts. Plaintiff did not oppose the Defendant's Motion. As noted above, on June 22, 2010, Magistrate Judge Mannion issued a R&R on the Defendant's Motion, recommending it be granted in part and denied in part. Defendant objects to the recommendation, arguing that the Motion for Summary Judgment should be granted in its entirety.

## III. DISCUSSION

Magistrate Judge Mannion makes three recommendations within the R&R. We shall discuss each in turn.

### A. Fourth Amendment Claim

The Fourth Amendment, which is applicable to the States through the Fourteenth Amendment, protects citizens from unreasonable searches and seizures. *See* U.S. Const. amend. IV. The Supreme Court has stated that the temporary detention of individuals during a traffic stop, even if only for a brief period and for

8

a limited purpose, constitutes a "seizure" of "persons" under the Fourth Amendment. *Whren v. United States*, 517 U.S. 806, 809-10 (1996). Consequently, an automobile stop is "subject to the constitutional imperative that it not be 'unreasonable' under the circumstances." *Id*. at 810. Thus, the Fourth Amendment requires a police officer conducting a traffic stop to have reasonable suspicion of criminal activity. *Delaware v. Prouse*, 440 U.S. 648, 654 (1979). *See also Commonwealth v. Andersen*, 753 A.2d 1289, 1292-1293 (Pa. Super. Ct. 2000)(under Pennsylvania law, a police officer must meet the "reasonable and articulable" standard in order to stop a motor vehicle). Moreover, courts determine whether reasonable suspicion exists by examining the totality of the circumstances. *Whren*, 517 U.S. at 810; *Delaware*, 440 U.S. at 654; *Terry v. Ohio*, 392 U.S. 1, 21-22 (1968).

Magistrate Judge Mannion recommends that summary judgment be denied on Plaintiff's Fourth Amendment claim because a material issue of fact remains as to whether the traffic stop was reasonable. Magistrate Judge Mannion reasons that Plaintiff disputes that he was driving erratically, thus Defendant's observations of Plaintiff's driving cannot be used to find that the traffic stop was reasonable.

We respectfully disagree with the Magistrate Judge's recommendation. First, it is undisputed that Plaintiff obtained the Cadillac after he and the Defendant

9

broke up, and that the Defendant was unaware that the Plaintiff was operating the vehicle until *after* she observed his erratic driving and ran the tags. Further, Plaintiff does not dispute the Defendant's contention that he made several turns in parking lots and changed directions prior to being stopped by Officer Morris. Plaintiff admitted at his deposition that he realized he was driving in the wrong direction and used a business parking lot to change direction.

We simply cannot find that a genuine issue of material fact remains as to whether the Defendant had a reasonable and articulable basis upon which to effectuate a traffic stop on the Plaintiff. Defendant observed a vehicle, unknown to her at the time, that was driving erratically by changing direction in parking lots, while the Defendant was on duty and in uniform.

Moreover, we find that Plaintiff's testimony that *once he saw* the police cruiser behind him he made a conscious effort to "stay within the confines of the speed limit and [was] . . . probably a bit more cautious of, you know, turning on [my] . . .turn signals and stuff of that nature . . ." does not raise an issue of material fact as to whether the Plaintiff was driving erratically when first observed by the Defendant. (Pavucsko Dep. 62:4-15). This testimony of Plaintiff merely states that he made a conscious effort to drive lawfully *after* observing the officer, not whether he was driving in a lawful and correct manner at the time the officer first

observed him. It is of no moment to our Fourth Amendment analysis whether Plaintiff corrected his erratic or careless driving after observing a police cruiser in his rear view mirror.

Accordingly, we find that there remains no genuine issue of material fact for trial on the Plaintiff's Fourth Amendment claim. We shall reject the Magistrate Judge's recommendation on this point and grant the Defendant's Motion for Summary Judgment on this claim.[1]

  B. **Fourteenth Amendment Claim**

Magistrate Judge Mannion recommends the following:

> Although not addressed by defendant, the court finds that plaintiff has also brought a Fourteenth Amendment substantive due process claim against defendant Fiala. Because defendant Fiala has failed to raise any argument with respect to plaintiff's Fourteenth Amendment claim, the court should allow this claim to proceed.

(R&R, p. 17). The Defendant objects to this finding and recommendation by the Magistrate Judge.

It is our view, based upon a review of the Complaint in this matter, that the Plaintiff has not asserted a Fourteenth Amendment claim. However, even if the

---

[1] We further note that Defendant is protected by qualified immunity inasmuch as she is a government official shielded "from liability for civil damages insofar as [her] conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have know." *Pearson v. Callahan*, ___ U.S. ___, 129 S. Ct. 808, 815 (2009)(quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1992)).

11

Complaint were construed to contain a Fourteenth Amendment claim, this claim cannot be maintained by the Defendant against the Plaintiff for the reasons that follow.

To establish a Fourteenth Amendment claim against Defendant, Plaintiff must plead facts that meet the "shocks the conscience" test applied "to all substantive due process claims" asserted in the courts of the Third Circuit. *See Levin v. Upper Makefield Twp.*, 90 Fed. Appx. 653, 660 n. 2 (3d Cir. Mar. 8, 2004), cert. Denied, 125 S. Ct. 811 (2004). Thus, the Plaintiff must plead "executive abuse of power as that which shocks the conscience," to proceed against the Defendant on a Fourteenth Amendment claim. *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998).

Thus, assuming *arguendo* that Plaintiff has sufficiently pled a substantive due process claim, we find that he has failed to meet his evidentiary burden on this claim, inasmuch as he has only pled subjective ill will of his former stalking victim, the Defendant. Moreover, as we have discussed above, it is undisputed that Defendant's initiation of the traffic stop of Plaintiff's vehicle was supported by reasonable suspicion, thus it cannot be found that Defendant engaged in conscience-shocking behavior.

Accordingly, based on the foregoing, to the extent that Plaintiff has attempted to state a Fourteenth Amendment claim, this claim shall be dismissed.

## C. IIED Claim

In the R&R, Magistrate Judge Mannion recommends that summary judgment be granted in favor of the Defendant on Plaintiff's IIED claim because he has failed to offer objective proof, namely competent medical evidence, to support his claim of emotional distress. Neither party has rendered an objection to the Magistrate Judge's conclusion on this point. Because we agree with the sound reasoning that led the Magistrate Judge to this conclusion, we shall not rehash his reasoning herein, but refer the reader to the R&R at pages 14 to 17 for a full analysis of this claim.

## IV. CONCLUSION

Accordingly, for the reasons set forth above, the Magistrate Judge's R&R is adopted in part and rejected in part. The Defendant's Motion for Summary Judgment shall be granted in its entirety and this matter shall be closed. An appropriate Order shall issue.